UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JESSIE DELACRUZ MILO,

Plaintiff,

v.

R. RODRIGUEZ, et al.,

Defendants.

No.  1:21-cv-01188-SAB (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

(ECF No. 35)

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a protective order, filed January 26, 2026.  Defendants filed an opposition on February 3, 2026.  (ECF No. 37.)  Although the time for Plaintiff to file a reply has not yet passed, the Court finds a reply is not necessary to resolve the motion.

**I.**

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 26(c), a party from whom discovery is sought may move for a protective order in the court where the action is pending. The court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue

burden or expense. Fed. R. Civ. P. 26(c). Options available to the court include, among other things, forbidding the disclosure or discovery, forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters. Id.

District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)); Westmoreland v. Regents of the Univ. of Cal., No. 2:17-cv-01922-TLN-AC, 2019 WL 932220, at *3 (E.D. Cal. Feb. 26, 2019).

Here, Plaintiff seeks a protective order to prevent Defendants from taking the depositions of Isaac Razo and Tamrin Razo.  (ECF No. 35.)  Plaintiff argues the depositions are irrelevant to liability.  Plaintiff's motion must be denied.

First, Plaintiff's motion is premature.  Defendants have not yet scheduled the depositions of Isaac or Tamrin Razo.  (Declaration of Ryan Zalesny (Zelesny Decl.) ¶ 3.)  Thus, Plaintiff's motion shall be denied as premature.  See Ben-Oni v. Wood, No. 2:24-cv-2769-DJC-JDP (PS), 2026 WL 104526, at *2 (E.D. Cal. Jan. 14, 2026) ("Because there is currently no outstanding discovery, plaintiff's motion for a protective order is premature.")  Second, Plaintiff does not have standing to seek an order preventing the taking of Isaac or Tamrin Razo's depositions.  See, e.g., Biden v. Byrne, No. 2:23-CV-09430-SVW, 2025 WL 1122392, at *3 (C.D. Cal. Mar. 18, 2025) (quoting Fed. R. Civ. P. 26(c)); Id. (party "does not have standing to bring" either a motion for a protective order or a motion to quash to prevent a non-party's deposition); but see Hardy v. Davis, No. 2:13-CV-0726 JAM DB, 2017 WL 445723 (E.D. Cal. Feb. 1, 2017) ("Absent a claim of privilege or personal right, only the non-party served with the subpoena has standing to quash it.") (denying party's motion for a protective order where party objected to nonparty's

deposition). Because Plaintiff has not identified a privilege or personal right, he cannot seek an order prohibiting the taking of Isaac or Tamrin Razo's depositions. Third, the depositions of Issac and Tamrin Razo are relevant and proportional to the needs of the case based on the proffer presented by Defendants. This case is proceeding on Plaintiff's claim that Defendants Rodriguez and Gamboa violated Plaintiff's First Amendment right to send mail to his adult son. Plaintiff argues that the testimony of Isaac and Tamrin Razo is not relevant to liability. However, Defendants submit that "Isaac Razo's testimony regarding, for example, whether he attempted or intended to contact Plaintiff or wanted to receive contact from Plaintiff is relevant to damages. Tamrin Razo's testimony regarding, for example, any historical relationship between Plaintiff and Isaac Razo, Tamrin Razo's communications with CDCR, or previous attempts by Plaintiff to communicate with Isaac or Tamrin Razo is relevant to liability and damages."[1] (ECF No. 37 at 4.) Thus, the deposition of Isaac and Tamrin Razo are relevant under Federal Rule of Civil Procedure 26. Lastly, Plaintiff's contention that Defendants seek to take Isaac and Tamrin Razo's depositions to coerce him into settlement is unfounded. There are simply no allegations to support Plaintiff's contention of coercion.[2] Accordingly, Plaintiff's motion for a protective order must be denied.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for a protective order is DENIED.

IT IS SO ORDERED.

Dated:    **February 4, 2026**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] Contrary to Plaintiff's contention, Defendants cannot propound written discovery against Isaac and Tamrin Razo. Fed. R. Civ. P. 33, 34, 36.

[2] Defendants are advised that the Court's scheduling order explicitly exempted them from the meet and confer requirement (ECF No. 30 ¶ 4), and Plaintiff is not required to do so prior to filing discovery motions.

3