UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE DELACRUZ MILO,<br><br>Plaintiff,<br><br>v.<br><br>R. RODRIGUEZ, et al.,<br><br>Defendants. | No.  1:21-cv-01188-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>(ECF No. 41) |

Plaintiff is proceeding in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend, filed February 27, 2026.  (ECF No. 41.)

**I.**

**BACKGROUND**

This action is proceeding on Plaintiff's First Amendment violation against Defendants Rodriguez and Gamboa.

After an unsuccessful settlement conference, Defendants filed an answer to the complaint on October 8, 2025.  (ECF No. 28.)

On October 15, 2025, the Court issued the discovery and scheduling order.  (ECF No. 30.)

On February 10, 2026, Plaintiff filed a motion for a continuance and to stay the pending

1

deadlines pending representation of counsel. (ECF No. 39.)  The Court denied Plaintiff's motion on March 4, 2026, because a notice of appearance and entry of counsel was filed by Jennifer Mikaere Sheetz on behalf of Plaintiff.  (ECF Nos. 40, 43.)

On February 27, 2026, Plaintiff, through counsel, filed the instant motion to amend the complaint, and a memorandum in support thereof on March 4, 2026.  (ECF Nos. 41, 42.)

On March 12, 2026, Plaintiff filed a motion to stay the action.  (ECF No. 44.)  On March 13, 2026, Defendants filed a response to Plaintiff's motion to stay, and a separate opposition to Plaintiff's motion to amend.  (ECF Nos. 46, 48.)

On March 16, 2026, the Court denied Plaintiff's motion to stay the action, without prejudice.  (ECF No. 49.)

On March 19, 2026, Plaintiff filed a reply to Defendants' opposition to the motion to amend the complaint.  (ECF No. 50.)

**II.**

**LEGAL STANDARD**

The Court issued a pre-trial discovery and scheduling order and Defendants filed an answer to the complaint. Thus, both Rules 16 and 15 of the Federal Rules of Civil Procedure apply to analyzing the instant motion. See Johnson v. Mammouth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (noting once the district court issues a scheduling order, Rule 16 requires the party seeking to amend to show "good cause" for the amendment and once that is found then the party must demonstrate that amendment is proper under Rule 15) (citing Financial Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 166 (W.D. Mo. 1989) (same)).

Under Rule 16, "good cause" primarily considers the party's diligence in seeking amendment. Johnson, 975 F.2d at 609. Plaintiff sought leave to amend before the deadline set forth in the scheduling order expired.  Because Plaintiff's motion was filed within the time permitted under the scheduling order, the Court finds good cause under Rule 16. Thus, the undersigned turns to analyze whether amendment is permitted under Rule 15(a)(2).

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so

requires." Leave to amend should be denied if amendment: (1) would cause prejudice to the opposing party; (2) is sought in bad faith; (3) would create undue delay, or (4) is futile. Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011) (citations omitted); see also Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (noting a "district court does not err in denying leave to amend where the amendment would be futile."); Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir. 1989). A "district court does not err in denying leave to amend where the amendment would be futile." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). The burden to demonstrate prejudice falls on the party opposing amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) is in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

"[A p]laintiff may not change the nature of [a] suit by adding new, unrelated claims in [an] amended complaint." Evans v. Neuhring, No. 2:09-cv-00292 TLN AC, 2006 WL 7159246, at *2 (E.D. Cal. Dec. 7, 2016) (internal citations omitted). "Unrelated claims that involve difference defendants must be brought in separate lawsuits." Id.

Futility alone may be grounds for denying leave to amend. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998); DCD Progams, Ltd v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987) (quoting Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)).

**III.**

**DISCUSSION**

Plaintiff seeks leave to amend to: (1) add detailed factual allegations curing the deficiencies identified in the Court's screening order (ECF No. 10); re-add Defendants D. Morelock and D. Dunn, whose prior dismissal occurred solely because Plaintiff, then pro se, did not have sufficient factual development to plead their personal participation; (3) incorporate newly developed facts and exhibits that were unavailable at the time of the original pleadings; and (4) clarify and refine Plaintiff's constitutional claims under the First and Fourteenth Amendments.

(ECF No. 41.)  Plaintiff argues there is no undue delay, bad faith, or dilatory motive, Defendants will not suffer prejudice, and the amendment cures deficiencies identified in the screening order and is not futile.

Defendants argue that Plaintiff's motion is untimely, and there is no good cause to modify the schedule to make it timely.  Defendants further argue that amendment is futile.

In response, Plaintiff argues there is good cause to modify the scheduling order to permit amendment because "Plaintiff sought relief from the schedule while trying to secure counsel, obtained counsel immediately thereafter, and then moved promptly to amend once counsel had investigated and assembled the necessary record."  (ECF No. 50 at 2.)  Plaintiff further argues that amendment is not futile because the first amended complaint pleads Morelock's and Dunn's personal participation, and pleads the First  and Fourteenth Amendment claims.

**A.    Good Cause to Modify the Scheduling Order**

Here, pursuant to the discovery and scheduling order the deadline to amend the pleadings expired on January 15, 2026, but Plaintiff did not file the instant motion to amend until February 27, 2026.  Thus, Plaintiff must show good cause the modify the scheduling order.

Defendants argue that Plaintiff's untimely motion is not supported by good cause because the retention of counsel is not alone good cause to modify the schedule.[1]

Plaintiff argues he was pro se when he filed the February 10, 2026 motion for continuance and stay of discovery and scheduling deadlines.  (ECF No. 39.)  There, Plaintiff submitted that he was actively seeking counsel and needed additional time to complete the retention process.  (Id.) Counsel appeared the next day, and began investigating the case, gathering evidence, and preparing an amended complaint which was filed on February 27, 2026.  (ECF No. 41.)  The Court denied Plaintiff's February 10, 2026, pro se stay motion as moot since counsel had appeared in the action.  (ECF No. 43.)  Plaintiff submits that he is not arguing that counsel's appearance, by itself, reopened the schedule.  Rather, Plaintiff argues "he had already sought

---

[1] The Court does not find merit to Defendants' argument that amendment should be denied because Plaintiff previously agreed to dismissal of Defendants Morelock and Dunn and the due process claim.  While Defendants are correct, Plaintiff was expressly granted leave to file a first amended complaint, and there is no basis to find the motion is brought in bad faith, for a dilatory motive, or to solely cause delay.

relief from the deadlines while still pro se; that request remained pending when counsel appeared; and counsel then moved promptly to amend while that request was still unresolved." (ECF No 50 at 3-4.)

Defendants argue that Plaintiff fails to submit facts or a declaration showing that the additional allegations and claim alleged in the proposed amendment were unavailable to Plaintiff before the deadline to amend the pleadings passed.

Attached to Plaintiff's proposed first amended complaint, Plaintiff submits the declaration of Captain Christopher Lesniak, a retired CDCR Captain and former acting Associate Warden. (ECF No. 42-1, Ex. Q.) Plaintiff also submits the declaration of Megan McDrew, a Rehabilitation Programming Expert, and several other documents as exhibits, which were not previously submitted with the pro se original complaint. The Court agrees with Plaintiff that as a pro se litigant he "could not realistically obtain and present the kind of corroborative evidence now before the Court." (ECF No. 50 at 4.) Plaintiff diligently sought and retained counsel who promptly investigated and gathered evidence in support of filing the instant motion to amend on February 27, 2026-just 16 days after making an appearance in this case. The Court finds it reasonable that Plaintiff spent some time investigating and gathering sufficient evidence to assert his claims against the additional Defendants. See, e.g., DCD Programs, 833 F.2d at 187 (finding no "unjust delay" where plaintiffs waited to move to amend to add a party as a defendant "until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct"). In sum, the Court finds that Plaintiff was reasonably diligent in seeking to amend and thus has shown good cause to amend after the deadline has passed. Johnson, 975 F.2d at 609.

**B.      Amendment under Rule 15**

Defendants argue that amendment of the complaint would be futile because the proposed amendment fails to allege Morelock or Dunn's personal liability.

1.      Bad Faith, Dilatory Motive, Undue Delay

Here, the Court finds that there is no undue delay, bad faith, or dilatory motive. Counsel entered the case in February 2026, and promptly began to investigate the case, gather declarations, obtain exhibits, and prepare the first amended complaint. Accordingly, there is no

5

showing of any bad faith or delay.

### 2. Prejudice to Defendants

Here, the Court finds any prejudice to Defendants is minimal. No dispositive motions have been filed, discovery is still open, the amendment arises from the same nucleus of facts—the false cease-and-desist order and mail censorship, and Defendants have been on notice of the core allegations since the screening order and answer. Indeed, both Morelock and Dunn were named in the original complaint and both should be aware of their involvement through the grievance process.

### 3. Futility

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). "A proposed amended complaint is futile if it would be immediately subject to dismissal." Heflebower v. JPMorgan Chase Bank, NA, No. 1:12-CV-1671, 2014 WL 897352, at *2 (E.D. Cal. Mar. 6, 2014) (citing Raifman v. Wachovia Sec., LLC, No. C 11-02885, 2012 WL 1611030, at *2 (N.D. Cal. May 8, 2012)) (internal citations omitted). "Futility is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." Hugunin v. Rocklin Unified Sch. Dist., No. 2:15-CV-00939-MCE-DB, 2017 WL 202536, at *3 (E.D. Cal. Jan. 17, 2017) (citing Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)).

#### a. First Amendment Claim

Plaintiff argues that the proposed amendment alleges that Morelock and Dunn received Plaintiff's administrative appeal and knew about the cease-and-desist order and Plaintiff's objections to it; that they could have corrected the cease-and-desist order but failed to do so; and that Morelock said he would correct the citation if it was incorrect but then refused to do so.

Defendant argues the proposed amendment does not allege that Morelock or Dunn personally participated in prohibiting Plaintiff from contacting Isaac Razo. Instead, the proposed amendment alleges that they failed to correct the citation to subsection (c) instead of (e), which has previously been determined insufficient to support liability.

///

6

In response, Plaintiff argues the proposed first amended complaint now alleges:

> Morelock was an appeals reviewer with authority to grant, deny, or modify staff misconduct and mail-related grievances, including authority to rescind and remove chronos from an inmate's file, and that Dunn was the Associate Warden with authority over mail-related policy enforcement and grievance outcomes and with authority to ensure correction, rescission, or removal of false information maintained in inmate records. The FAC further alleges that each of them received grievance materials showing the falsity of the chrono, the absence of any complaint by Isaac Razo, the inapplicability of section 3135(c), and the lack of lawful authority for the cease-and-desist directive, yet each upheld or permitted the false chrono and associated threats to remain in place.

(ECF No. 50 at 8:11-21.)  Based on these allegations, Plaintiff argues that both Morelock and Dunn possessed authority to correct the false chrono, were presented with facts showing it was false and unauthorized, and nonetheless allowed the unconstitutional restriction and its harmful effects to continue.  (Id. at 8.)  Plaintiff also points to the declaration of officer Lesniak who suggests the arbitrary actions during the appeal process are part of a systemic retaliation toward Plaintiff.  (ECF No. 42-1, Ex. Q.)  The Court agrees with Plaintiff that the allegations in the proposed first amended complaint sets forth sufficient facts to support that both Morelock and Dunn enforced the cease-and-desist order, along with disciplinary and criminal action for violation of the same-as to both Tamrin and Isaac Razo as long as Isaac resided with Tamrin. Indeed, the January 6, 2020, decision signed by both Morelock and Dunn stated that the cease-and-desist order would remain so long as Plaintiff's adult son resides with Tamrin Razo in the same household, but that institutional staff would take appropriate action if Plaintiff's son sought new residency, and/or requested in writing to remove the cease-and-desist order on his behalf. Thus, it is clear that both alternatives would require action by Isaac, and not Plaintiff, to exercise his First Amendment right.  The monitoring of plaintiff's outgoing mail to ensure it is not being sent to Tamrin or Isaac Razo would only add to, rather than alleviate, the burden on prison resources.  Accordingly, in consideration of the Turner factors,[2] Plaintiff states a cognizable claim

---

[2] Those factors are: (1) whether there is a valid, rational connection between the official action and the legitimate government interest put forth to justify it; (2) whether an alternative means of exercising the right to send and receive mail remains open to the inmate; (3) what impact accommodation of the inmate's right will have on guards, other inmates, and the allocation of prison resources generally; and (4) whether there is an absence of ready alternatives to the action taken. Nordstrom v. Ryan, 856 F.3d 1265, 1272 (9th Cir. 2017).

for violation of his First Amendment rights against Defendants Worelock and Dunn, and amendment to add these Defendants is not futile.

### b.    Fourteenth Amendment Due Process Claim

Plaintiff argues that the proposed amendment adequately pleads a Fourteenth Amendment stigma-plus claim.

Defendants argue that the proposed amendment fails to allege the denial of an adequate procedural protection, a substantially false and serious stigmatizing statement, or public disclosure, and amendment is therefore futile.  The Court agrees with Defendants.

A stigma-plus claim is a procedural due process claim. Ochoa v. City of Los Angeles, No. 2:20-CV-06963-AB-AGR, 2025 WL 3248088, at *5 (C.D. Cal. Aug. 11, 2025) (explaining Paul v. Davis, 424 U.S. 693 (1976) as "a Supreme Court case that created the procedural due process 'stigma-plus' doctrine") (emphasis in original).

To state a procedural due process claim, a plaintiff must allege that he was deprived of "adequate procedural protection." Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 970 (9th Cir. 2010) (citing Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir.1998)). "The process due is minimal." Gardner v. Wilson, 959 F. Supp. 1224, 1229 (C.D. Cal. 1997).  It "requires no more than notice and the postdeprivation grievance process." Id. (citing Myers v. Klevenhagen, 97 F.3d 91, 95–96 (5th Cir. 1996); Reynolds v. Wagner, 936 F. Supp. 1216, 1227 (E.D. Pa. 1996); Scott v. Angelone, 771 F. Supp. 1064, 1067 (D. Nev. 1991). "Procedural due process does not guarantee a successful outcome, only that a deprivation be accompanied by process." Nible v. Fink, No. 3:16-cv-02849-BAS-RBM, 2019 WL 2242075, at *3 (S.D. Cal. May 23, 2019).

To establish a "'stigma-plus' due process claim, 'a plaintiff must show': (1) 'the public disclosure of a stigmatizing statement by the government;' (2) 'the accuracy of which is contested;' (3) 'plus the denial of 'some more tangible interest[].''" Chaudhry v. Aragon, 68 F.4th 1161, 1170-71 (9th Cir. 2023) (quoting Ulrich v. Cty. & Cnty. of San Francisco, 308 F.3d 968, 982 (9th Cir. 2002) (alterations in original) (quoting Paul, 424 U.S. at 701)). The Ninth Circuit Court of Appeals "has described the stigma that infringes liberty interests as that which

'seriously damages a person's reputation or significantly forecloses his freedom to take advantage of other employment opportunities.'" Bollow v. Fed. Rsrv. Bank of San Francisco, 650 F.2d 1093, 1101 (9th Cir. 1981) (quoting Jablon v. Trustees of California State Colleges, 482 F.2d 997, 1000 (9th Cir. 1973) (emphasis added)). For liability to attach, the statement must be "substantially false." Chaudhry v. Angell, No. 173-182, 2021 WL 4461667, at *32 (E.D. Cal. Sept. 29, 2021) (citing Campanelli v. Bockrath, 100 F.3d 1476, 1484 (9th Cir. 1996)); Hernandez v. Holt, No. 1:20-cv-01127-AWI-SAB, 2021 WL 809389, at *7 (E.D. Cal. Mar. 3, 2021). Additionally, dissemination of the statement to other public agencies is insufficient to establish public disclosure. Millman v. Inglish, 461 F. App'x 627, 628 (9th Cir. 2011) (notification of fraud accusation "to other public agencies is not a public disclosure"); Denning v. Lincoln Cnty. Sheriff's Off., No. 1:18-CV-00473-BLW, 2020 WL 355209, at *10 (D. Idaho Jan. 21, 2020) ("intra-governmental dissemination does not satisfy the 'public disclosure' element of a stigma-plus claim") (collecting cases, including Wenger v. Monroe, 282 F.3d 1068, 1074 n.5 (9th Cir. 2002); Palka v. Shelton, 623 F.3d 447, 454 (7th Cir. 2010) (public disclosure requires that the defendant "actually disseminate the stigmatizing comments in a way that would reach potential future employers or the community at large"); Reyes v. City of Pico Rivera, 370 F. App'x 844, 844 (9th Cir. 2010)).

    (1)    Adequate Procedural Protection

    Plaintiff's proposed amendment does not allege that he was denied adequate procedural protection after Rodriguez issued the cease-and-desist order.  See Krainski, 616 F.3d at 970; Gardner, 959 F. Supp. at 1229; Nible, No. 3:16-cv-02849-BAS-RBM, 2019 WL 2242075, at *3. Indeed, Plaintiff actually concedes that Rodriguez notified him of the cease-and-desist order (ECF No. 41-1 at 4; ECF No. 42-1 at 31), a grievance system was available to Plaintiff (ECF No. 41-4 at 6-8; ECF No. 42-1 at 2-28), and he used the grievance system to successfully remove the incorrect regulatory citation in the cease-and-desist letter (ECF No. 42-1, Ex. A at 2, Ex. F at 31, Ex. G at 33).  Consequently, Plaintiff cannot allege that he was not afforded the "minimal," process that was due to him.  Gardner, 959 F.Supp. at 1229 (failure to state a due process claim where there was an available "grievance system at the prison, which can be utilized to challenge

9

any erroneous charges against plaintiff's inmate account"). Further, the grievance system's failure to reverse the prohibition of contact with Isaac Razo is insufficient to give rise to a procedural due process claim. Nible, 2019 WL 2242027, at *3. Accordingly, on this basis alone, Plaintiff's procedural due process claim fails and amendment is futile.

(2)    Substantially False and Seriously Stigmatizing Statement

Plaintiff's proposed amendment does not allege that the cease-and-desist order's statement—that Plaintiff "attempted to make contact [via mail] … to a Mrs./Ms. Tamrin Razo (Civilian) and child Isaac Razo (ECF No. 42-1 at 31)—was "substantially false. Chaudhry, 2021 WL 4461667, at *32. To the contrary, the proposed amendment does not assert that Tamrin and Isaac Razo did not share a residence, and an attached exhibit explicitly establishes that Tamrin and Isaac Razo shared a residence. (ECF No. 41-1 at 3-9; ECF No. 42-1 at 20); see also Seven Arts Filmed Ent. Ltd. V. Content Medical Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013) (the Court is not 'required to accept as true allegations that contradict exhibits attached to the Complaint") (quoting Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010)) (internal quotation marks omitted). Thus, Plaintiff has failed to allege that the statement that Plaintiff attempted to contact both Tamrin and Isaac Razo through the mail is "substantially false."

In addition, the proposed amendment does not allege that the incorrect citation was either substantially false or stigmatizing. In fact, the cease-and-desist order did not allege facts that Plaintiff engaged in any conduct described in subsection (c). (ECF No. 42-1 at 31.) Rather, due to a typographical error, it stated subsection (c) instead of subsection (e). (Id.) Indeed, the proposed amendment acknowledges that this error was corrected on March 25, 2020. (ECF No. 42-1, Ex. G at 33); see also Seven Arts Filmed Ent. Ltd., 733 F.3d at 1252. Further, the proposed amendment does not identify anyone who relied on (or even saw, in the first instance) the citation before it was corrected on March 25, 2020. As Defendants submit, Plaintiff's "allegation would require the following: at some point between August 19, 2019 and March 25, 2020, a person accessed Plaintiff's central file, saw the cease-and-desist order, and noticed that the cease-and-desist order cited subsection (c) instead of (e); that person then took it upon themselves to

10

research and read those subsections; and that person concluded that the cease-and-desist order accused Plaintiff of violating subsection (c) even though the order makes no reference to the content of subsection (c) and, instead, clearly referred to the substance of subsection (e), which describes the cease-and-desist procedure. Compare Cal. Cal. Code Regs. tit. 15, § 3135(c) (2019) with Cal. Code Regs. tit. 15, § 3135(e) (2019); (see also Ex. List Supp. Pl.'s Am. Compl., Ex. F, ECF No. 42-1 at 31; Screening Order, § V.B.2.c[3])."  (ECF No. 46 at 13-14.)  Although the proposed amendment asserts that, after the cease-and-desist order, "Plaintiff was subjected to escalating conflict and retaliation, including being arbitrarily placed in Administrative Segregation" (ECF No. 41-1 at 9), it does not allege facts demonstrating the order led to such injuries.  (Id.)  Accordingly,  the proposed amendment fails to allege a substantially false and stigmatizing statement.

   (3) <u>Public Disclosure</u>

  Lastly, the proposed amendment does not allege public disclosure of either challenged statement.  Rather, it contends the cease-and-desist order was placed in Plaintiff's central file (ECF No. 41-1 at 8), which is insufficient because there are no allegations that the central file was publicized or available to any member of the public.  Plaintiff's allegation that CDCR or other government officials may access the central file is insufficient to establish public disclosure. (ECF No. 41-1 at 8); <u>Millman</u>, 461 F. App'x at 628; <u>Denning</u>, 2020 WL 355209, at *10; <u>Wenger</u>, 282 F.3d 1074 n.5; <u>Palka</u>, 623 F.3d at 454; <u>Reyes</u>, 370 F. App'x at 844.  Accordingly, Plaintiff has not meet the public disclosure element.

**IV.**

**ORDER AND RECOMMENDATIONS**

  Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

  Further, it is HEREBY RECOMMENDED that:

  1. Plaintiff's motion to amend the complaint be granted as to Plaintiff's First

---

[3] "Former subsection 3135(e) (currently subsection 3135(d)) addresses cease and desists and similar requests by recipients of inmate mail. This appears to be the only subsection with applicability here. It is clearly the subsection the prison and its agents intended to invoke, and did invoke, as ultimately stated on third level review."

Amendment claim against Defendants Morelock and Dunn;

2.      Plaintiff's motion to amend be denied as to Plaintiff's Fourteenth Amendment Due Process claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 1, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge