UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE DELACRUZ MILO,<br><br>Plaintiff,<br><br>v.<br><br>R. RODRIGUEZ, et al.,<br><br>Defendants. | No.  1:21-cv-01188-SAB (PC)<br><br>ORDER CONVERTING FINDINGS AND RECOMMENDATIONS ISSUED ON MAY 1, 2025, TO ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND<br><br>(ECF No. 52) |

Plaintiff is proceeding in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. The parties have consented to Magistrate Judge jurisdiction.  (ECF No. 32.)

On May 1, 2026, the magistrate judge issued Findings and Recommendations recommending Plaintiff's motion to amend the complaint be denied.  (ECF No. 52.)  Plaintiff filed objections on May 14, 2026, and Defendants file a response on May 15, 2026.  (ECF Nos. 53, 54.)

Inasmuch as the parties have consented to Magistrate Judge jurisdiction, the Findings and Recommendations, (ECF No. 52), are converted to a final order pursuant to 28 U.S.C. § 636(c)(1).  In the interest of justice, the Court will construe Plaintiff's "objections" and motion for reconsideration of the May 1, 2026, order.

///

1

Rule 60(b) allows the court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only [in] extraordinary circumstances...." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

A motion for reconsideration is appropriate if the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ... of that which was already considered by the court in rendering its decision." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

The Court has reviewed Plaintiff's objections and finds therein no facts or law of a convincing nature which would cause the Court to reconsider the order denying in part and granting in part his motion to amend the complaint. Plaintiff's objections fail to identify any error in the analysis and the proposed amendment does not allege that Plaintiff was denied adequate procedural protection, a substantially false or stigmatizing statement, or public disclosure of any such statement. Consequently, Plaintiff's motion for reconsideration must be denied.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 41) is denied in part and granted in part;

2. The Clerk of Court is directed to file the lodged first amended complaint (ECF No. 41, Ex. A); and

3. This action shall proceed only as to the First Amendment claim against Defendants M. Gamboa, R. Rodriguez, C. Morelock, and D. Dunn.

IT IS SO ORDERED.

Dated:    **May 19, 2026**    _____

STANLEY A. BOONE
United States Magistrate Judge

3