UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE DELACRUZ MILO, | No.  1:21-cv-01188-SAB (PC) |
| Plaintiff, | ORDER REGARDING DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME |
| v. | |
| R. RODRIGUEZ, et al., | (ECF No. 62) |
| Defendants. | |

Plaintiff is proceeding in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On June 1, 2026, Defendants filed an ex parte application for an extension of time to: (1) extend the time to file a response to Plaintiff's amended complaint; (2) extend the time to file a response to Plaintiff's requests for admissions; (3) extend the time to file a response to Plaintiff's production of documents; and (4) extend the time for Defendants Gamoboa and Rodriguez to file a response to Plaintiff's interrogatories.  (ECF No. 62 at 1-2.)

To establish that use of the ex parte procedure is justified, the party must demonstrate at least one of the following situations is applicable: (1) there is a threat of immediate or irreparable injury/prejudice if the underlying motion is heard according to regular noticed motion procedures; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a

1

regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought). Moore v. Chase, Inc., No. 1:14-cv-01178-SKO (E.D. Cal. Aug. 3, 2015), 2015 WL 4636750, at *2 (citations omitted).

In addition, Local Rule 144 provides:

> The Court may, in its discretion, grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary. Except for one such initial extension, ex parte applications for extension of time are not ordinarily granted.

Local Rule 44(c).

As an initial matter, Defendants' instant "ex parte" application is not made ex parte. "The expression 'ex parte motion' is a term of art. In its pure form it means a request a party makes to the court without any notice to the other side." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995) (emphasis added). "Ex parte relief is generally disfavored when relief may be had through a regularly noticed motion." Hufnagle v. Rino Int'l Corp., No. CV 10-08695 DDP VBKX, 2012 WL 6553743, at *1 (C.D. Cal. Dec. 14, 2012). To the extent that a motion needs to be heard on shortened time due to a pending deadline, a party may submit with that motion an application for an order shortening time to hear the matter pursuant to Local Rule 144(e). Alternatively, a party may file a motion for administrative relief under Local Rule 233.

Here, counsel Defendants contends that he did meet and confer with the Plaintiff's counsel regarding the instant request via e-mail on May 28, 2026. (Zalensy Decl., Ex. 1 at 1-2.) Plaintiff's counsel did not agree. (Id. at 2.) "Instead, she asked Defendants' counsel to wait to file the instant Application until Plaintiff's counsel presents an unrelated request to extend the period of discovery. Defendants' counsel replied that he needed to request the extension of the responsive-pleading deadline before it expires and the deadlines to respond to written discovery did not need to be filed if Plaintiff's counsel agreed to them. On June 1, 2026, Plaintiff's counsel proposed an amended discovery schedule but still did not address Defendants' counsel's requested extensions." (Id.) Thus, this is not a situation where a stipulation could not reasonably

2

be obtained; rather, Plaintiff has notice of Defendants' request and opposes their requested extension. While the Court appreciates the approaching June 2, 2026 deadline to file a response to the first amended complaint, filing this request as an ex parte application, rather than a regularly noticed motion with a request to hear on shortened time or as a motion for administrative relief, is procedurally improper.

The Court shall, as a one-time courtesy, construe the motion as one made on shortened time. The Court finds a reply by Plaintiff would not aid the Court in deciding the instant motion. Plaintiff informed counsel that she did not agree to an extension in part because she wanted him "to wait to file the instant Application until Plaintiff's counsel presents an unrelated request to extend the period of discovery." Plaintiff has just amended the complaint, and the Court does not find that the requested extensions of time on of time will unnecessarily delay action.[1] Thus, in light of Plaintiff's filing of the first amended complaint and for the reasons proffered by Defendants, the Court finds good cause to grant the Defendants' request for extensions of time to file a responsive pleading and responses to Plaintiff's discovery requests.

Accordingly, it is HEREBY ORDERED that:

1. The deadline for Defendants to file a responsive pleading is extended to July 10, 2026;

2. Defendants' deadline to respond to Plaintiff's requests for admission is extended to July 17, 2026;

3. Defendants' deadline to respond to Plaintiff's requests for production of documents is extended to July 17, 2026;

4. Defendant Gamboa's deadline to respond to Plaintiff's interrogatories is extended to July 17, 2026; and

///

///

///

---

[1] The Court mandates that parties thoroughly meet and confer in good faith when seeking an extension of the deadlines, and the Court does not encourage gamesmanship.

3

5.    Defendant Rodriguez's deadline to respond to Plaintiff's interrogatories is extended to July 17, 2026.

IT IS SO ORDERED.

Dated:    **June 1, 2026**

STANLEY A. BOONE
United States Magistrate Judge

4