UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE DELACRUZ MILO,<br><br>        Plaintiff,<br><br>    v.<br><br>R. RODRIGUEZ, et al.,<br><br>        Defendants. | No.  1:21-cv-01188-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO SERVE DEPOSITION SUBPOENA BY CERTIFIED MAIL<br><br>(ECF No. 70) |

Plaintiff is proceeding in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On June 16, 2026, Defendants filed a motion for leave to serve deposition subpoena by certified mail.  (ECF No. 70.)  The Court finds that a response by Plaintiff is not necessary for resolution of the instant motion.

**I.**

**DISCUSSION**

Rule 45 of the Federal Rules of Civil Procedure governs the issuing and service of subpoenas. Fed. R. Civ. P. 45.  Rule 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person." Id.  Most courts understand Rule 45(b) to require personal service, though the Ninth Circuit has not ruled on the question. See In re Subpoena to VaughnPerling, No. 2:19-MC-00083-CAS (EX), 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019); see also Fujikura Ltd. v. Finisar Corp., No. 15-mc-80110-HRL-JSC, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (collecting cases).  Furthermore, courts have typically held that

1

service on an attorney is not sufficient to compel production of documents or presence at a deposition. See Fujikura, 2015 WL 5782351, at *6.

However, some courts allow substitute service of a Rule 45 subpoena if the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash. In re Subpoena to VaughnPerling, 2019 WL 8012372 at *3 (quoting Chambers v. Whirlpool Corp., No. 8:11-cv-01733-FMO-JCG, 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016)). These courts are more inclined to grant such alternative service where there is evidence of earlier diligence in attempting to effectuate personal service. In re Subpoena to VaughnPerling, 2019 WL 8012372 at *3 (quoting Fujikura, 2015 WL 5782351, at *5).

Courts typically allow alternative service after multiple attempts at personal service, or where it is clear the nonparty has actual notice and is evading service.  See Chambers, 2016 WL 9451361, at *2 (permitting alternative service where personal service was attempted at least three (3) times and that nonparty was aware of and had received the subpoena); In re Subpoena to VaughnPerling, 2019 WL 8012372, at *4 (finding alternative service effective where plaintiffs personally served someone they believed was the nonparty and where nonparty's communication with the parties and the court obviously demonstrated he had received the subpoena); Toni Brattin & Co. v. Mosaic Int'l, LLC, No. 15-MC-80090-MEJ, 2015 WL 1844056 (N.D. Cal. Apr. 9, 2015) (finding alternative service proper after party had attempted personal service at place of business twice and at residence four (4) times).

 Furthermore, courts have declined to allow alternative service where alternative methods were used before attempting personal service. See Luxottica Grp. S.p.A. v. Liquidity Servs., Inc., No. CV 18-7821-FMO (RAO), 2019 WL 2620727 (C.D. Cal. May 24, 2019) (finding substituted service not appropriate where the defendant made no attempt to personally serve subpoenas before serving via FedEx delivery); Fujikura, 2015 WL 5782351, at *5 (finding alternative service not effective, even where the nonparty had notice of the subpoena, because case involved "one (1) improper method of service on the heels of an even more improper method of service").

Here, Defendants have diligently attempted to serve Mr. Razo personally but have been unsuccessful.  Defendants assert that they attempted personal service of the subpoena at Mr.

2

Razo's address and knocked on the door several times, but no one answered the door. (Henezi Decl; Zalesny Decl. ¶ 2.) The process server made two additional attempts to serve Mr. Razo at his address on April 4, 2026 and April 11, 2026. (Henezi Decl.) On April 27, 2026, a California Department of Justice investigator went to Mr. Razo's address but did not see Mr. Razo. (Zalesny Decl. at ¶ 2.) Finally, on May 15, 2026, a California Department of Justice investigator waited at Mr. Razo's address for several hours without seeing Mr. Razo. (Id.) Thus, Defendants attempted to serve Mr. Razo at the correct address. Alternative service by mail is therefore appropriate. See In re Delta Air Lines, Inc., 2023 WL 9018986, at *4 (C.D. Cal. Dec. 4, 2023) (holding service by mail appropriate because defendant attempted personal service of one subpoena twice and one subpoena three times); AEG Holdco, LLC. v. Vazquez, 2022 WL 19076647, at 2 (C.D. Cal. Dec. 22, 2022) (finding defendants were diligent by attempting personal service on six occasions); cf. Chambers v. Whirlpool Corp., 2016 WL 9451361, at *3 (C.D. Cal. Aug. 12, 2016) (granting motion to compel compliance with subpoena where plaintiffs attempted personal service at least three times and alternative method of service was sufficient).

Because Defendants have established that they attempted with reasonable diligence to serve Mr. Razo and service by mail in this case is reasonably calculated to provide notice and an opportunity to be heard, the motion to serve Mr. Razo by registered mail shall be granted.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Defendants' motion for leave to serve Isaac Razo with a deposition subpoena by certified mail (ECF No. 70) is GRANTED.

IT IS SO ORDERED.

Dated:  **June 18, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge