UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE DELACRUZ MILO,<br><br>      Plaintiff,<br><br>    v.<br><br>R. RODRIGUEZ, et al.,<br><br>      Defendants. | No. 1:21-cv-01188-SAB (PC)<br><br>ORDER REGARDING PARTIES' MOTIONS TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF Nos. 68, 69) |

Plaintiff is proceeding in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On June 15, 2026, both Plaintiff and Defendants filed separate motions to modify the discovery and scheduling order. (ECF Nos. 68, 69.) The Court finds the matter suitable for resolution without opposition by either party.

**I.**

**BACKGROUND**

Plaintiff filed the instant action pro se in 2021, and found the action could proceed against Defendants Rodriguez and Gamboa for retaliation in violation of the First Amendment. Counsel subsequently appeared on behalf of Plaintiff on February 11, 2026. (ECF No. 40.) Plaintiff moved to amend the complaint on February 27, 2026. (ECF No. 41.)

///

On May 19, 2026, Plaintiff's motion to amend was granted in part and denied in part, ordered the first amended complaint filed, and allowed the action to proceed on the retaliation claim against Defendants Rodriguez, Gamboa, Dunn, and Morelock.  (ECF Nos. 58, 59.)  The Court also entered an order extending discovery to July 17, 2026.  On June 2, 2026, the Court granted Defendants' request to extend their deadline to respond to the FAC and written discovery, setting Defendants' written-discovery response deadlines for July 17, 2026.  (ECF No. 64.)  On June 11, 2026, the Court ordered electronic service of the first amended as to Defendants Dunn and Morelock.  (ECF No. 66.)

## II.

## LEGAL STANDARD

To prevail on a request to amend a scheduling order under Rule 16(b)(4), the moving party must establish "good cause" for doing so. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992). The good cause inquiry primarily centers on the moving party's diligence. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend the discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. (citation omitted).  "If that party was not diligent, the inquiry should end." Id. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.

## III.

## DISCUSSION

Defendants Rodriguez and Gamboa move to modify the discovery and scheduling order to extend the discovery cutoff from June 15, 2026, to July 24, 2026, to allow Defendants to take the depositions of Isaac Razo and Christopher Lesniak.  (ECF No. 68.)  Plaintiff does not oppose a limited extension to permit the depositions of Isaac Razo and Christopher Lesniak.  (ECF No. 69.)  However, Plaintiff also moves "to set a practical schedule that accounts for the fact that Dunn and Morelock are now defendants in the operative case and that party discovery regarding

2

them cannot reasonably be completed under the existing schedule." (Id. at 7.)  In addition, Plaintiff submits that he "has not yet received the C-file, ERMS/SOMS records, classification records, Ad-Seg records, 114-D/ICC materials, ISU records, mailroom/chrono-routing records, or other prison records necessary to identify the witnesses, decisionmakers, and potential additional defendants involved in the events now at issue." (Id.)  Defendants submit they did "not agree to new discovery because Morelock and Dunn had not been served with or answered the amended complaint," and Defendants "will oppose additional discovery that the amendment does not necessitate." (ECF No. 68 at 6.)

The Court finds good cause supports modification of the discovery and scheduling order. The Court just recently granted Plaintiff's motion to amend the complaint in part adding Defendants Morelock and Dunn who have not yet been served or answered the amended complaint.  In addition, although the parties have engaged in some discovery, further discovery is necessary as it relates to the operative first amended complaint, newly added Defendants, and other relevant information and documentation.  Further, Plaintiff promptly sought a stipulation from Defendants to extend the discovery deadline and filed the motion to modify the scheduling order prior to the close of discovery.  Moreover, both parties motions demonstrate that the present scheduling order is not feasible given the recent amendment.  Accordingly, the Court finds good cause to modify the discovery and scheduling order.

## IV.

## ORDER[1]

Based on the foregoing, it is HEREBY ORDERED that:

1.      The parties' motions to modify the discovery and scheduling order (ECF Nos. 68, 69) are GRANTED;

2.      Deadline to amend the pleadings: October 2, 2026;

3.      The initial expert disclosure and report deadline: September 18, 2026;

4.      Rebuttal expert disclosure and report deadline: October 16, 2026;

5.      Fact discovery cutoff: November 20, 2026;

[1] This order is without prejudice to any party seeking further modification upon a showing of good cause.

6.      Expert discovery cutoff: November 20, 2026; and

7.      Dispositive motion deadline: December 18, 2026.

IT IS SO ORDERED.

Dated:    **June 22, 2026**

STANLEY A. BOONE
United States Magistrate Judge